# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY L. ALLEN,        )
                        )
          Plaintiff,   )
                        )
       v.              )    Case No. 21-1250-JWB-KGG
                        )
STATE OF KANSAS, et al.,    )
                        )
          Defendants. )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION FOR APPOINTMENT OF COUNSEL,
## <u>AND ORDER TO SHOW CAUSE</u>

In conjunction with his Complaint (Doc. 1), Plaintiff has also filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1) and Motion for Appointment of Counsel (Doc. 4).  After review of Plaintiff's motions, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) and **DENIES** his request for counsel.  The Court also **ORDERS** Plaintiff to show good cause, in writing, to the undersigned Magistrate Judge as to why it should not be **recommended** to the District Court that this action be dismissed due to the deficiencies in Plaintiff's Complaint, as discussed herein.

## I.  Nature of the Matter before the Court.

Plaintiff brings his *pro se* Complaint alleging violations of his civil and constitutional rights.  The Complaint alleges that Defendant "should compensate [Plaintiff] for false arrest, wrongful incarceration, violation of [his] procedural due process rights, [and] personal injuries." (Doc. 1, at 3.)  More specifically, Plaintiff alleges that after his alleged false arrest, he slipped and fell in the jail shower, resulting in personal injuries necessitating brain surgery.  (*Id*., at 4.)  Plaintiff does not indicate when this events occurred.  He seeks compensation for the alleged violations and injuries.

## II.      Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those

who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 54 and single with no dependents identified.  (Doc. 3, sealed, at 1-2.)  Plaintiff is currently unemployed, and lists no previous employer(s).  (*Id.*, at 2-3.)  His lists no income of any kind and no government benefits.  (*Id.*, at 4-5.)  He does not own real property or an automobiles.  (*Id.*, at 3-4.)  He lists a no cash on hand.  (*Id.*, at 4.)  He lists no monthly expenses, but does identify certain debts relating to medical expenses.  (*Id.*, at 5-6.)  Plaintiff has not filed for bankruptcy.  (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

II.    **Motion for Counsel.**

The Court next addresses Plaintiff's request for the appointment of counsel. (Doc. 4.)  There is no constitutional right to have counsel appointed in civil cases such as this one.  ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003); ***Carper v. DeLand***, 54 F.3d 613, 616 (10th Cir. 1995); ***Durre v. Dempsey***, 869 F.2d 543, 547 (10th Cir. 1989).  In civil cases, the decision to appoint counsel lies within the discretion of the District Court.  ***Williams v. Meese***, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." ***Steffey v. Orman***, 461 F.3d 1218, 1223 (10th Cir. 2006) (citation omitted).  It is insufficient justification for Plaintiff to merely show "that having counsel appointed would have assisted [him] in presenting his strongest possible case, [as] the same could be said in any case."  ***Steffey v. Orman***, 461 F.3d 1218, 1223 (quoting ***Rucks v. Boergermann***, 57 F.3d 978, 979 (10th Cir. 1995)).  The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); ***Castner v.***

***Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII).  Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may

discourage attorneys from donating their time.  ***Castner***, 979 F.2d at 1421.

As for the first factor, Plaintiff has established his inability to afford counsel.

*See supra*.  This factor weighs in favor of appointing counsel.  The second factor is

Plaintiff's diligence in searching for counsel.  Plaintiff's motion lists six attorneys

he contacted regarding representation.  For three of the listed attorneys, Plaintiff

either merely left a message or indicates that the attorney did not return his call.

The form motion clearly indicates, however, that he is required to "<u>confer with</u> (not

merely contact) at least five attorneys regarding legal representation."  (Doc. 4, at 2

(emphasis in original).)  Although Plaintiff has not technically complied with the

requirements of the form motion, the Court finds that, for purposes of this motion,

he has been diligent, albeit unsuccessful, in attempting to secure legal

representation.

The next factor is the viability of Plaintiff's claims in federal court.  *See*

***McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421.  For

purposes of this motion, the Court has concerns with the facial viability of

Plaintiff's claims, as discussed in the final section of this Order, *infra*.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to

prepare and present the case without the aid of counsel. ***Castner***, 979 F.2d at

1420-21.  In considering this factor, the Court must look to the complexity of the

legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422.

The Court notes that the factual and legal issues in this case are not unusually

complex. *Cf*. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458

(D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a

former employee's allegations of race, religion, sex, national origin, and disability

discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other

untrained individuals who represent themselves *pro se* on various types of claims

in Courts throughout the United States on any given day.  As stated above,

although Plaintiff is not trained as an attorney, and while an attorney might present

this case more effectively, this fact alone does not warrant appointment of counsel.

As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

## III.    Sufficiency of Complaint and Order to Show Cause.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma*

*pauperis* case "at any time if the court determines that . . . the action or appeal –

(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a pro se plaintiff.  *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for

the *pro se* plaintiff.  *Hall*, 935 F.2d at 1110; *see also* *Haines v. Kerner*, 404 U.S.

519, 92 S.Ct. 594 (1972).  Liberally construing a pro se plaintiff's complaint means

that "if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so despite the plaintiff's failure to cite

proper legal authority, his confusion of various legal theories, his poor syntax and

sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935

F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir.1991) (holding that a plaintiff need not precisely state each element, but must

plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d

at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual

allegations in the complaint must be enough to raise a right to relief "above the

speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." ***Olson v. Carmack***, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." ***Hall***, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer.  ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

As indicated above, Plaintiff's Complaint alleges that Defendant "should compensate [him] for false arrest, wrongful incarceration, violation of [his] procedural due process rights, [and] personal injuries." (Doc. 1, at 3.)  More specifically, Plaintiff alleges that after his alleged false arrest, he slipped and fell in the jail shower, resulting in personal injuries necessitating brain surgery.  (*Id*., at 4.)   Plaintiff has not, however, alleged in his Complaint (Doc. 1) sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or constitutional rights and to how Plaintiff alleges Defendant is responsible for their alleged violation.

In addition, Plaintiff does not indicate when the alleged false arrest occurred and/or when he sustained the alleged injuries.  This creates concerns for the Court regarding whether the statute of limitations has run and the resulting impact on the facial viability of Plaintiff's claims.  *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  The events or acts of Defendant taken in connection with Plaintiff's claims may have taken place more than two years prior to the filing of Plaintiff's Complaint and, thus, may be time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Further,

10

Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.  *See* Doc. 1.

Plaintiff is therefore required to show good cause, in writing, to the undersigned Magistrate Judge as to why it should not be **recommended** to the District Court that this action be dismissed due to the deficiencies in Plaintiff's Complaint, as discussed herein.  If Plaintiff does not respond by the Court's deadline, this matter may be recommended for dismissal, without further notice, for failure to state a viable cause of action.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3, sealed) is **GRANTED.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's request for counsel (Doc. 4, sealed) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 22, 2021**, in which to show good cause to the undersigned Magistrate Judge why his Complaint should not be recommended for dismissal for failure to state a viable cause of action.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th  day of October, 2021.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge