# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY L. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-1250-JWB-KGG |
| | ) |
| STATE OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT & RECOMMENDATION FOR DISMISSAL

**I.  Factual Background.**

Plaintiff brings his *pro se* Complaint alleging violations of his civil and constitutional rights on October 21, 2021.  (Doc. 1.)  The Complaint alleges that Defendant "should compensate [Plaintiff] for false arrest, wrongful incarceration, violation of [his] procedural due process rights, [and] personal injuries."  (*Id*., at 3.)  More specifically, Plaintiff alleges that after his alleged false arrest, he slipped and fell in the jail shower, resulting in personal injuries necessitating brain surgery.  (*Id*., at 4.)  However, the Complaint did not indicate when this events occurred.  (*See generally*, *id.*)

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting

1

financial affidavit (Doc. 3-1) and Motion for Appointment of Counsel (Doc. 4). The undersigned Magistrate Judge previously granted the IFP application, denied request for counsel, and ordered Plaintiff to show good cause, in writing, as to why it should not be **recommended** to the District Court that this action be dismissed due to the deficiencies in Plaintiff's Complaint. (*See generally* Doc. 6.) Plaintiff has now submitted two supplements to his Complaint. (Docs. 7 and 10.)

**II.    Legal Standards.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955,

3

1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." **Hall**, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." **Olson v. Carmack**, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." **Hall**, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. **Monroe v. Owens**, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires

4

three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

## III. Application of Legal Standards to Facts Alleged by Plaintiff.

Plaintiff's Complaint alleges that Defendant "should compensate [him] for false arrest, wrongful incarceration, violation of [his] procedural due process rights, [and] personal injuries." (Doc. 1, at 3.) More specifically, Plaintiff alleges that after his alleged false arrest, he slipped and fell in the jail shower, resulting in personal injuries necessitating brain surgery. (*Id.*, at 4.)

The undersigned Magistrate Judge previously held that Plaintiff's Complaint did not allege sufficient facts to allow the Court to determine the basis of the alleged violations of his civil and/or constitutional rights and to how Plaintiff alleges Defendant is responsible for their alleged violation. (Doc. 6, at 10.) The Complaint also failed to indicate when the alleged false arrest occurred and/or when he sustained the alleged injuries. This Court held that these deficiencies in the Complaint create concerns regarding whether the statute of limitations has run

5

and the resulting impact on the facial viability of Plaintiff's claims. (*Id*. (citing *McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421).)

As mentioned above, Plaintiff has now filed two supplements to his Complaint. (Docs. 7 and 10.) The first supplement includes a narrative from Plaintiff with exhibits stating that he was arrested on or about October 23, 2018, and was in custody – without being taken to court – for 17 days. (Doc. 7, at 8-9.) The second supplement consists of medical records ostensibly regarding Plaintiff's fall in the shower and resulting injury during that 2018 incarceration. (Doc. 10.) The medical records include more recent progress notes, but indicate the initial injury happened in November 2018. (*See e.g. id*., at 13-17.)

The applicable statute of limitations for §1983 actions is determined by the forum state's statute of limitations for personal injury actions. *See* ***Hardin v. Straub***, 490 U.S. 536, 539 (1989); *see also* ***Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.***, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). "In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." ***Brown***, 465 F.3d at 1188; see also K.S.A. § 60-513(a)(4) (stating that "[a]n action for injury to the rights of another" "shall be brought within two years"); *see also* ***Neighbors v. Lawrence Police Department***, No. 15-4921-DDC-KGS, 2016 WL 3685355, at *12 (D. Kan. July 12, 2016).

> While state law governs the length of the limitations period, 'the accrual date of a §1983 cause of action is a

> question of federal law that is not resolved by reference to state law.' *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a § 1983 claim accrues 'when the plaintiff has a complete and present cause of action.' *Id.* (citation and internal quotation marks omitted). The Tenth Circuit presumes that § 1983 claims arising out of police conduct accrue when the actions actually occur.' ***Beck v. City of Muskogee Police Dep't***, 195 F.3d 553, 558 (10th Cir. 1999) (citation and internal quotation marks omitted).

*Neighbors*, 2016 WL 3685355, at *12.

As to the facts alleged by Plaintiff, Defendants' actions or omissions in regard to Plaintiff's claims clearly occurred more than two years before Plaintiff filed his federal court Complaint on October 21, 2021. (Doc. 1.) Further, Plaintiff has not alleged facts suggesting he would be entitled to statutory or equitable tolling of the statute of limitations. (*See* Docs. 1, 7, 10.) As a result, Plaintiff's claims are time-barred and dismissal is appropriate. *See* ***Fratus v. Deland***, 49 F.3d 673, 674-75 (10th Cir. 1995) (a district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** for failure to state a viable cause of action.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED and ORDERED**.

Dated at Wichita, Kansas, on this 18th day of November, 2021.

/S Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge