IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY L. ALLEN,

       Plaintiff,

v.                                                  Case No. 21-1250-JWB-KGG

STATE OF KANSAS, et al.,

       Defendants.


**MEMORANDUM AND ORDER**

This matter is before the court on a Report and Recommendation ("R&R") from United States Magistrate Judge Kenneth G. Gale. (Doc. 11.) No objections to the R&R have been filed and the period for filing objections has passed. *See* Fed. R. Civ. P. 72(b)(2) (allowing 14 days for objections). For the reasons stated below, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

Plaintiff filed a complaint on October 21, 2021, alleging "false arrest, wrongful incarceration, violation of my procedural due process rights, [and] personal injuries." (Doc. 1 at 3.) Magistrate Judge Gale granted Plaintiff's request to proceed in forma pauperis but concluded the complaint did not allege sufficient facts to determine the basis for the claims, when the acts occurred, or how Defendants were responsible for Plaintiff's alleged injuries. (Doc. 6 at 10.) Magistrate Judge Gale directed Plaintiff to show cause why he should not recommend dismissal of the complaint. (*Id.* at 11.) Plaintiff responded by filing two supplements (Docs. 7, 10), but in the R&R Magistrate Judge Gale concluded the supplements showed the alleged arrest, incarceration, and injuries occurred no later than November 2018, such that any claim under 42

U.S.C. § 1983 based on these acts was barred by the applicable two-year statute of limitations. (Doc. 11 at 6) (citing *Brown v. Unif. Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (noting two-year statute of limitation applies to § 1983 claims for personal injuries). The R&R accordingly recommended that Plaintiff's complaint be dismissed.  (*Id.* at 8.)  It further notified Plaintiff he had 14 days from receipt of the order to file objections and that a failure to file objections within that period will bar appellate review of the proposed findings and recommended disposition.  (*Id.*)  A certified mail receipt shows Plaintiff was personally served with the R&R on November 20, 2021. (Doc. 12.)

Plaintiff's failure to properly object to any portion of the R&R leaves him with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...'") "In the absence of timely objection, the district court may review a magistrate ... [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The court agrees with Magistrate Judge Gale's analysis and recommendation and finds that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72, advisory committee note (1983 Addition).  Plaintiff's allegations in the complaint and supplements show that the acts complained of occurred outside of the applicable two-year limitations period, and Plaintiff fails to

allege or argue any basis for tolling of the limitations period.  IT IS THEREFORE ORDERED that Magistrate Judge Gale's R&R is hereby ADOPTED and Plaintiff's complaint is DISMISSED. The clerk is directed to enter judgment accordingly.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE